UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENLEY EMERGENCY MEDICINE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> THE SCHUMACHER GROUP OF LOUISIANA INC., et al., <br><br> Defendants. | Case No. 20-cv-03274-SI <br><br> **ORDER RE AUGUST 18 DISCOVERY LETTER** <br><br> Re: Dkt. No. 125 |

On August 18, 2025[1], relator filed a redacted letter motion seeking an order compelling defendants to produce information related to the "Audit Report" that defendants' referenced in their motion to dismiss and a related motion to consider whether defendants' material should be sealed. Dkt. Nos. 124, 125. After the Court granted in part the related motion to seal, relator filed a revised redacted version of its letter motion. Dkt. No. 136. Specifically, relator requests that defendants produce all information supporting the Audit Report, including at least medical records for the claims that were included in the random sample, the claims from which the sample was drawn, and the results of the audit. *Id.* Relator alleges that defendants have categorically refused to produce this information since it was first requested on December 24, 2024, arguing it is privileged or protected work product. *Id.*

In response, defendants suggest that relator has acted prematurely by separating out a

---

[1] It appears from defendants' response to relator's related motion to seal that parties may not have met and conferred on this issue until August 25, 2025. Dkt. No 127 at 2. The Court admonishes parties that they must comply with Judge Illston's Standing Order, requiring that parties meet and confer to attempt to resolve their dispute informally prior to filing a discovery letter motion with the Court. Parties should state when they met and conferred and by what means in their discovery motions going forward.

1 single privilege issue to bring to the Court. Dkt. No. 128. The Court disagrees. Defendants
2 request that - "for the sake of efficiency" - a motion schedule for *all* disputed privilege issues be
3 deferred until after the exchange of privilege logs. *Id.* Defendants' categorical withholding of all
4 information related to the Audit Report based on privilege is unreasonable, particularly given that
5 defendants referred to it substantially in their motion to dismiss. Dkt. Nos. 74 at 3, 74-1.
6 Defendants have had ample time since the January 17, 2025 initial case management conference to
7 parse what is privileged from what is not and begin production. Dkt. No. 90 at 8 (Transcript of
8 January 17, 2025 Case Management Conference).

Accordingly, the Court **ORDERS** defendants to produce all information responsive to plaintiff's request and a privilege log by September 23, 2025.

**IT IS SO ORDERED**.

Dated: September 18, 2025

SUSAN ILLSTON
United States District Judge