UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES AND THE STATES OF CALIFORNIA, COLORADO, FLORIDA, GEORGIA, ILLINOIS, INDIANA, IOWA, LOUISIANA, MICHIGAN, NEVADA, NEW MEXCIO, NEW YORK, NORTH CAROLINA, OKLAHOMA, TENNESSEE, TEXAS, VIRGINIA, and WASHINGTON *ex rel.* Kenley Emergency Medicine Corporation,<br><br>    Plaintiffs,<br><br>    vs.<br><br>THE SCHUMACHER GROUP OF LOUISIANA, INC., d/b/a SCP HEALTH; CALIFORNIA EMERGENCY ASSOCIATES,<br><br>    Defendants. | Case No. 3:20-cv-3274-SI<br><br>**MODIFIED [PROPOSED] ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL AND CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**<br><br>Dkt. No. 188 |

Before the Court is Defendants' Administrative Motion to File Under Seal and Consider Whether Another Party's Material Should be Sealed. Dkt. No. 188 ("Admin. Mot."). Defendants filed this administrative motion in connection with their motion to disqualify counsel and for other relief. Dkt. No. 189. Relator filed a response pursuant to Civil Local Rule 79-5(f). Dkt. No. 193 ("Resp. Admin. Mot.").

Courts recognize a "general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Communs., Inc.*, 435 U.S. 589, 597 & n.7 (1978)). A party seeking to seal documents in connection with a non-dispositive motion only tangentially related to the underlying cause of action must satisfy the lower "good cause" standard for keeping a document sealed. *Ctr. For Auto Safety v. Chrysler Grp. LLC*, 809 F.3d 1092, 1098-99 (9th Cir. 2016); *Calhoun v. Google LLC*, 2022 WL 1122843, at *1 (N.D. Cal. Apr. 14, 2022).

[PROPOSED] ORDER GRANTING
ADMINISTRATIVE MOTION TO SEAL - Case No.
3:20-cv-3274-SI

After careful consideration, the Court finds good cause exists to seal some but not all of the requested documents. Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** the Administrative Motion and **ORDERS** as follows:

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Order |
|---|---|---|
| Declaration of Barry Pollack ("Pollack Decl.") Ex. 1 | Admin. Mot. at 1; Declaration of Anthony P. Schoenberg in Support of Defendants' Administrative Motion to Consider Whether Another Party's Material Should be Sealed ("Schoenberg Decl.") ¶ 3; Resp. Admin. Mot. at 1; Declaration of Jonathan F. Neumann in Response to Defendants' Administrative Motion to Consider Whether Another Party's Material Should be Sealed ("Neumann Decl.") ¶¶ 3-4. | **GRANTED.** Exhibit 1 is an email from relator's principal to defendants' representatives that includes details regarding specific patient encounters, including patient encounter numbers (FIN#).  Relator produced and designated this document as confidential under the parties' protective order. Dkt. No. 96.  Relator argues, and the Court agrees, that the non-parties whose patient encounters are described may be harmed if the details of their medical treatment were publicly disclosed and a less restrictive alternative is insufficient. |

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Order |
|---|---|---|
| Pollack Decl. Exs. 3, 5, 7, 9-13, 15, 17 | Admin. Mot. at 1; Schoenberg Decl. ¶ 3.; Resp. Admin. Mot. at 1-2; Neumann Decl. ¶¶ 3, 5-7. | **GRANTED IN PART.** Exhibits 3, 5, 7, 9-13, 15, and 17 to the Pollack Declaration are communications between relator's principal, non-parties, and defendants that were produced by relator and designated as confidential under the parties' protective order. Dkt. No. 96.  Defendants argue that sealing is warranted because these exhibits reflect defendants' confidential business communications, internal processes, and compliance efforts, and public disclosure could affect defendants' competitive standing.  Relator argues that good cause exists to seal personal email addresses of relator's principal and non-parties and the full names of non-parties in these exhibits. The Court finds that good cause exists to seal full names, personal information, and personal email addresses in these exhibits.  *See Chloe SAS v. Sawabeh Info. Servs. Co.,* 2015 WL 12734004, at * 3 (C.D. Cal. Feb. 4, 2015).  However, the Court denies the sealing motion as to the entirety of each exhibit, finding that defendants do not adequately demonstrate how making these communications publicly available may harm their competitive standing. Sealing requests must be narrowly tailored. The Court **ORDERS** defendants to refile a redacted version of these Exhibits. |

[~~PROPOSED~~] ORDER GRANTING ADMINISTRATIVE MOTION TO SEAL - Case No. 3:20-cv-3274-SI

3

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Order |
|---|---|---|
| Pollack Decl. Exs. 2, 4, 6, 8, 14, 16 | Admin. Mot. at 1-2; Schoenberg Decl. ¶ 4. | **GRANTED IN PART.** Exhibits 2, 4, 6, 8, 14, and 16 to the Pollack Declaration are communications between relator's principal and defendants' and between defendants' agents that defendants attached to their motion to disqualify relator's counsel.  Defendants argue that sealing is warranted because they reflect confidential business communications, internal processes, compliance efforts, or else information protected by HIPAA, which would affect defendants' competitive standing and potentially affect non-party privacy interests.  The Court finds that defendants have not adequately shown how unsealing these communications would harm defendants' competitive standing. Sealing requests must be narrowly tailored. However, the Court finds good cause exists to seal relator's personal email address, any patient encounter numbers (FIN #), and full names of non-parties.  The Court **ORDERS** defendants to refile a redacted version of these Exhibits. |

[~~PROPOSED~~] ORDER GRANTING ADMINISTRATIVE MOTION TO SEAL - Case No. 3:20-cv-3274-SI

4

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Order |
|---|---|---|
| Pollack Decl. Exs. 31-32 | Admin. Mot. at 1; Schoenberg Decl. ¶ 4. | **GRANTED.** Exhibits 31-32 to the Pollack Declaration are a "provider agreement" between defendants and relator and defendants' "code of conduct." Defendants argue that sealing is warranted because these documents reflect confidential business communications, internal processes, compliance efforts, which would affect defendants' competitive standing.  The Court agrees with defendants that these internal documents are not generally available to the public and could negatively affect defendants' competitive standing. |
| Motion for Disqualification and Other Relief at 8:3-5, 8:17-18, 9:19-23, 10:4, 10:7-8, 10:19-20, 10:22-23, 11:4-6, 11:14-16 | Admin. Mot. at 1-2; Schoenberg Decl. ¶¶ 3-4. | **DENIED.**  Defendants' motion for disqualification at 8:3-5, 8:17-18, 9:19-23, 10:4, 10:7-8, 10:19-20, 10:22-23, and 11:4-6 quotes portions of exhibits that the Court has found do not warrant sealing.  The excerpts do not include third party personal information, personal email addresses, or patient encounter numbers. |
| Motion for Disqualification and Other Relief at 12:12, 12:13-15 | Dkt. No. 65. | **GRANTED.**  Defendants' motion for disqualification at 12:12, 12:13-15 quotes portions of relator's second amended complaint ("SAC") (Dkt. No. 16), which the Court ordered sealed in full at Dkt. No. 65. |

[PROPOSED] ORDER GRANTING
ADMINISTRATIVE MOTION TO SEAL - Case No.
3:20-cv-3274-SI

5

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Order |
|---|---|---|
| Pollack Decl. ¶ 17, line 16, ¶ 18, lines 18-19 | Admin. Mot. at 1; Schoenberg Decl. ¶ 3. | **DENIED.** The Pollack Declaration at ¶ 17, line 16, ¶ 18, lines 18-19 quotes portions of Exhibits 9 and 10 that the Court has found do not warrant sealing. The excerpts do not include third party personal information, personal email addresses, or patient encounter numbers. |

**IT IS SO ORDERED.**

DATED:  March 17, 2026

_Susan Illston_

THE HONORABLE SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE

[PROPOSED] ORDER GRANTING
ADMINISTRATIVE MOTION TO SEAL - Case No.
3:20-cv-3274-SI

6