UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

UNITED STATES AND THE STATES OF CALIFORNIA, COLORADO, FLORIDA, GEORGIA, ILLINOIS, INDIANA, IOWA, LOUISIANA, MICHIGAN, NEVADA, NEW MEXCIO, NEW YORK, NORTH CAROLINA, OKLAHOMA, TENNESSEE, TEXAS, VIRGINIA, and WASHINGTON *ex rel.* Kenley Emergency Medicine Corporation,

Plaintiffs,

vs.

THE SCHUMACHER GROUP OF LOUISIANA, INC., d/b/a SCP HEALTH; CALIFORNIA EMERGENCY ASSOCIATES,

Defendants.

Case No. 3:20-cv-3274-SI

**MODIFIED [PROPOSED] ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL AND CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**

Dkt. No. 202

Before the Court is Defendants' Administrative Motion to File Under Seal and Consider Whether Another Party's Material Should be Sealed. Dkt. No. 202 ("Admin. Mot."). Defendants filed this administrative motion in connection with their reply brief to defendants' motion to disqualify counsel and for other relief. Dkt. No. 203. Relator filed a response pursuant to Civil Local Rule 79-5(f). Dkt. No. 210 ("Resp. Admin. Mot.").

Courts recognize a "general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Communs., Inc.*, 435 U.S. 589, 597 & n.7 (1978)). A party seeking to seal documents in connection with a non-dispositive motion only tangentially related to the underlying cause of action must satisfy the lower "good cause" standard for keeping a document sealed. *Ctr. For Auto Safety v. Chrysler Grp. LLC*, 809 F.3d 1092, 1098-99 (9th Cir. 2016); *Calhoun v. Google LLC*, 2022 WL 1122843, at *1 (N.D. Cal. Apr. 14, 2022).

[PROPOSED] ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTION TO SEAL - Case No. 3:20-cv-3274-SI

After careful consideration, the Court finds good cause exists to seal some but not all of the requested documents. Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** the Administrative Motion and **ORDERS** as follows:

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Order |
|---|---|---|
| Reply in Support of Motion for (1) Disqualification of Sanjiv N. Singh, a Professional Law Corporation and Phillips & Cohen LLP as Relator's Counsel, (2) a Hearing Concerning Other Appropriate Remedies, (3) Unsealing of Certain Docket Items, (4) Certain Expedited Discovery, and (5) Supplementation of the Record on Defendants' Motion for Bifurcation and Protective Order ("Reply") at i:6 | Administrative Motion at 2; Schoenberg Decl. ¶ 3. | **DENIED.** This excerpt of the reply brief references portions of the exhibits the Court finds do not warrant sealing. |
| Reply at 2:17 | Administrative Motion at 2; Schoenberg Decl. ¶ 3. | **DENIED.** This excerpt of the reply brief references portions of the exhibits the Court finds do not warrant sealing. |
| Reply at 3:1-2 | Administrative Motion at 2; Schoenberg Decl. ¶ 3. | **DENIED.** This excerpt of the reply brief references portions of the exhibits the Court finds do not warrant sealing. |
| Reply at 3:8 | Administrative Motion at 2; Schoenberg Decl. ¶ 3. | **DENIED.** This excerpt of the reply brief references portions of the exhibits the Court finds do not warrant sealing. |
| Reply at 3:13 | Administrative Motion at 2; Schoenberg Decl. ¶ 3. | **DENIED.** This excerpt of the reply brief references portions of the exhibits the Court finds do not warrant sealing. |
| Reply at 3:21 | Administrative Motion at 2; Schoenberg Decl. ¶ 3. | **DENIED.** This excerpt of the reply brief references portions of the exhibits the Court finds do not warrant sealing. |
| Reply at 3:23-24 to 4:1 | Admin. Motion ISO Motion to Disqualify Counsel (Dkt. 188) at 1; Schoenberg | **DENIED.** This excerpt of the reply brief references portions of the exhibits the Court finds do not warrant sealing. |

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Order |
|---|---|---|
| | Decl. ISO Motion to Disqualify Counsel (Dkt. 188-1) ¶ 3 | |
| Reply at 5:8 | Administrative Motion at 2; Schoenberg Decl. ¶ 3. | **DENIED.** This excerpt of the reply brief references portions of the exhibits the Court finds do not warrant sealing. |
| Reply at 6:8-9 | Admin. Motion ISO Motion to Disqualify Counsel (Dkt. 188) at 1-2; Schoenberg Decl. ISO Motion to Disqualify Counsel (Dkt. 188-1) ¶ 4. | **DENIED.** This excerpt of the reply brief references portions of the exhibits the Court finds do not warrant sealing. |
| Reply at 6:13-15 | Admin. Motion ISO Motion to Disqualify Counsel (Dkt. 188) at 1; Schoenberg Decl. ISO Motion to Disqualify Counsel (Dkt. 188-1) ¶ 3. | **DENIED.** This excerpt of the reply brief references portions of the exhibits the Court finds do not warrant sealing. |
| Reply at 6:16-17 | Admin. Motion ISO Motion to Disqualify Counsel (Dkt. 188) at 1-2; Schoenberg Decl. ISO Motion to Disqualify Counsel (Dkt. 188-1) ¶ 4. | **DENIED.** This excerpt of the reply brief references portions of the exhibits the Court finds do not warrant sealing. |
| Reply at 11:6-7 | Administrative Motion at 2; Schoenberg Decl. ¶ 3. | **DENIED.** This excerpt of the reply brief references portions of the exhibits the Court finds do not warrant sealing. |
| Declaration of David Schillinger, MD ("Schillinger Decl."); Declaration of Aimee Bertrand ("Bertrand Decl."); Bertrand Decl. Ex. A | Administrative Motion at 3; Schoenberg Decl. ¶ 5. | **DENIED.** Defendants argue that these declarations, marked confidential by defendants under the parties' protective order (Dkt. No. 96) reflect confidential business information, internal processes, and compliance efforts. While defendants contend that public disclosure of this information would affect defendants' competitive standing they do not adequately explain how or why this information could affect their competitive standing. Sealing motions must be narrowly tailored. The Court |

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Order |
|---|---|---|
|  |  | therefore finds defendants have failed to demonstrate good cause exists to seal the Schillinger or Bertrand Declaration, or Betrand Declaration, Exhibit A. |
| Supplemental Reply Declaration of Barry Pollack ("Supp. Pollack Decl.") ¶ 9:25-26 | Administrative Motion at 2; Schoenberg Decl. ¶ 3. | **DENIED.**  This excerpt references Exhibits B and C, which the Court finds do not merit sealing. |
| Supp. Pollack Decl. ¶ 17:14-18 | Administrative Motion at 2; Schoenberg Decl. ¶ 3. | **DENIED.**  This references Exhibit A, which the Court finds does not merit sealing. |
| Supp. Pollack Decl. ¶ 32:12-14 | Administrative Motion at 2; Schoenberg Decl. ¶ 3. | **DENIED.**  This references Exhibit B and C, which the Court finds do not merit sealing. |
| Supp. Pollack Decl. ¶ 38:17-18 | Administrative Motion at 2; Schoenberg Decl. ¶ 3. | **GRANTED.**  This references Exhibit H, which the Court finds good cause exists to seal. |
| Supp. Pollack Decl. ¶ 40:22-23 | Administrative Motion at 2; Schoenberg Decl. ¶ 3. | **DENIED.**  This references Exhibit B and C, which the court finds do not mert sealing. |
| Supp. Pollack Decl. Ex. A | Admin. Mot. at 2; Schoenberg Decl. ¶ 3; Resp. to Admin. Mtn. at 1. | **DENIED.**  Exhibit A to the Supplemental Pollack Declaration is an email sent by Dr.Kenley, which relator produced with a confidentiality designation pursuant to the parties' protective order.  Dkt. No. 96.  Relator argues that good cause exists to seal this email because it summarizes Dr.Kenley's review of certain patient encounters. However, the Court reviewed the exhibit and found it does not contain any patient-level information such as account numbers, diagnoses, dates of services, or clinical comments.  Thus, the Court finds that relator has not established that good cause exists to seal Exhibit A. |
| Supp. Pollack Decl. Exs. B & C | Admin. Mot. at 2; Schoenberg Decl. ¶ 3; Resp. to Admin. Mtn. at 2. | **DENIED.**  Exhibits B and C to the Supplemental Pollack Declaration are handwritten notes relator produced with a confidentiality designation pursuant to |

[PROPOSED] ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTION TO SEAL - Case No. 3:20-cv-3274-SI

4

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Order |
|---|---|---|
| | | the parties' protective order.  Dkt. No. 96.  Defendants argue sealing is warranted because the exhibits reflect "confidential business information, internal processes, compliance efforts, or information protected by HIPAA" but provide no other analysis specific to these documents.  Relator takes no position as to the sealing of Exhibit B and C. The Court finds no good cause exists to seal Exhibits B and C. |
| Supp. Pollack Decl. Ex. F | Administrative Motion at 3; Schoenberg Decl. ¶ 4. | **GRANTED.**   Exhibit F to the Supplemental Pollack Declaration is a portion of the privilege log that defendants served on relator on February 26, 2026.  The privilege log has been marked as confidential by defendants under the parties' protective order.  Dkt. No. 96.  The Court finds good cause exists to seal Exhibit F because the log reflects the existence of privileged and confidential internal discussions and the email subject column reflects confidential business information. |
| Supp. Pollack Decl. Ex. H | Administrative Motion at 2; Schoenberg Decl. ¶ 3. | **GRANTED.**  Exhibit H to the Supplemental Pollack Declaration is an iMessage exchange between Dr.Kenley and a non-party colleague containing the private phone number of Dr.Kenley, the full name and phone number of the non-party, and private messages, which relator produced with a confidentiality designation pursuant to the parties' protective order.  Dkt. No. 96.  The Court agrees with relator that good cause exists to seal Exhibit H because it implicates privacy interests.  *See SAS v. Sawabeh Info. Servs. Co.*, 2015 WL 12734004, at *3 (C.D. Cal. Feb. 4, 2015). |

**IT IS SO ORDERED.**

DATED:  March 17, 2026

_____
THE HONORABLE SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE