UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| KENLEY EMERGENCY MEDICINE, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>THE SCHUMACHER GROUP OF LOUISIANA, INC., et al.,<br><br>Defendants. | Case No. 3:20-cv-3274-SI<br><br>**MODIFIED** ~~**[PROPOSED]**~~ **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**<br><br>Re: Dkt. No. 165 |

Before the Court is defendants' Administrative Motion to Consider Whether Another Party's Material Should be Sealed. Dkt. No. 165. Pursuant to Civil Local Rule 79-5(f), relator filed a response in support of defendants' administrative motion to seal on January 16, 2026. Dkt. No. 170. After careful consideration, the Court finds good cause[1] and compelling reasons where necessary. Accordingly, the Court **GRANTS IN PART AND DENIES IN PART** the Administrative Motion and **ORDERS** that the following portions thereof shall remain under seal.

---

[1] The lower "good cause" standard applies here rather than the "compelling reasons" standard because the Exhibits in question are discovery documents that have been attached to a non-dispositive motion only tangentially related to the merits of a case. *See Kamakana v. City and County of Honolulu,* 447 F.3d 1172, 1179-80 (9th Cir. 2006) ("We have, however, carved out an exception to the presumption of access to judicial records, for a *sealed discovery document* [attached] to a *non-dispositive* motion.") (internal quotations and citation omitted).

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Order |
|---|---|---|
| Exhibit A to the Declaration of Anthony P. Schoenberg in Support of Defendants' Motion for Bifurcation and Protective Order Concerning the Relevant Discovery Period | Statement in Support of Administrative Motion 1-2.<br><br>Declaration of Asher Alavi ¶¶ 3, 5.<br><br>Declaration of Anthony P. Schoenberg in Support of Administrative Motion ¶ 3. | **GRANTED.**  Exhibit A is a series of private text messages between relator's principal and another non-party individual. The Court finds there is good cause to seal Exhibit A because relator's principal and the non-party have legitimate privacy interests in maintaining the confidentiality of their personal and private text message communications, as well as their full names and telephone numbers.  Dkt. No. 170 at 1-2.  The non-party's communications constitute the majority of Exhibit A.  *Id.* The case law relator cites is persuasive.  *See, e.g., Chloe SAS v. Sawabeh Info. Servs. Co.*, 2015 WL 12734004, at *3 (C.D. Cal. Feb. 4, 2015) ("Non-party privacy interests . . . are sufficient to satisfy the 'good cause' standard for sealing.") (collecting cases). *Trooper 1 v. New York State Police*, 2025 WL 327975, at *5 (E.D.N.Y. Jan. 29, 2025) ("courts have readily recognized the inherent privacy interests people have in their own private communications, with particular attention to the privacy interests of non-parties."). |

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Order |
|---|---|---|
| Memorandum in support of Motion for Bifurcation and Protective Order at 6:13-16 | Statement in Support of Administrative Motion 1-2.<br><br>Declaration of Asher Alavi ¶¶ 3, 5.<br><br>Declaration of Anthony P. Schoenberg in Support of Administrative Motion ¶ 3. | **GRANTED.** The Court finds good cause exists to seal this portion of defendants' motion for bifurcation and protective order because it quotes from Exhibit A. |
| Exhibit B to the Declaration of Anthony P. Schoenberg in Support of Defendants' Motion for Bifurcation and Protective Order Concerning the Relevant Discovery Period | Declaration of Anthony P. Schoenberg in Support of Administrative Motion ¶ 3. | **DENIED.** The Court finds there is not good cause to seal Exhibit B, a presentation titled "The Physician Query Process & Compliance Issues." Dkt. No. 166-1. Exhibit B was produced by relator without a confidentiality designation, and relator does not move that Exhibit B remain under seal. |
| Memorandum of law supporting Motion for Bifurcation and Protective Order at 8:11-14 | Declaration of Anthony P. Schoenberg in Support of Administrative Motion ¶ 3. | **DENIED.** The Court finds good cause does not exist to seal this portion of defendants' motion for bifurcation and protective order because it references Exhibit B. |

3

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Order |
|---|---|---|
| Memorandum of law supporting Motion for Bifurcation and Protective Order at 11:3-12 | Declaration of Anthony P. Schoenberg in Support of Administrative Motion ¶ 3. | **GRANTED.** The Court finds good cause exists to seal this portion of defendants' motion for bifurcation and protective order because it references Exhibit D to the Schoenberg Declaration, which was also an exhibit to relator's second amended complaint. The Court previously granted the parties' motion to seal the Second Amended Complaint in full. Dkt. No. 65 at 2. *See* Civil L.R. 79-5(b) ("A party need not file a motion to seal if a federal statute or a prior court order in the same case expressly authorizes the party to file certain documents (or portions of documents) under seal."). |

**IT IS SO ORDERED.**

DATED: March 17, 2026

_____
THE HONORABLE SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE