UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| KENLEY EMERGENCY MEDICINE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>THE SCHUMACHER GROUP OF LOUISIANA INC., et al.,<br><br>Defendants. | Case No.  20-cv-03274-SI<br><br>**MODIFIED [PROPOSED] ORDER GRANTING RELATOR'S ADMINISTRATIVE MOTIONS TO CONSIDER WEHTHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**<br><br>Re: Dkt. Nos. 174, 176 |

Before the Court are relator's Administrative Motions to Consider Whether Another Party's Material Should be Sealed.  Dkt. Nos. 174, 176.  Pursuant to Civil Local Rule 79-5 (f), defendants filed a response in support of relator's administrative motions to seal on January 30, 2026.  Dkt. No. 183.  After careful consideration, the Court finds good cause[1] and compelling reasons where necessary. Accordingly, the Court **GRANTS** the Administrative Motion and **ORDERS** that the following portions thereof shall remain under seal.

---

[1] The lower "good cause" standard applies here rather than the "compelling reasons" standard because the Exhibits in question are discovery documents that have been attached to a non-dispositive motion only tangentially related to the merits of a case.  *See Kamakana v. City and County of Honolulu,* 447 F.3d 1172, 1179-80 (9th Cir. 2006) ("We have, however, carved out an exception to the presumption of access to judicial records, for a *sealed discovery document* [attached] to a *non-dispositive* motion.") (internal quotations and citation omitted).

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Order |
|---|---|---|
| Letter Motion to Compel at 1 ¶¶ 3-4 | Neumann Declaration ¶ 3 | **GRANTED.** This portion of relator's letter motion includes descriptions from documents produced in discovery of (1) proprietary internal messaging systems used by defendants and their affiliates to communicate internally and with clinicians, and (2) the manner in which such messages are maintained by the defendants. The Court finds good cause exists to seal this information because it is not generally known to the public and concerns details of the defendants' business and strategy. *See Calhoun v. Google LLC*, 2022 WL 1122843, at *1 (N.D. Cal. Apr. 14, 2022). Defendants also raise the concern that public disclosure could place defendants at an increased risk of cybersecurity threats by revealing sources of communications containing private protected health information (PHI) of non-party patients. |
| Letter Motion to Compel at 2 ¶ 2 | Neumann Declaration ¶ 3 | **GRANTED.** This portion of the letter reveals the specific number of critical claims defendants submitted during a certain period, as well as the critical care queries issued during that period. |

2

United States District Court
Northern District of California

| Relator's Opposition at 2:27-28 | Neumann Declaration ¶ 3 | **GRANTED.** This portion of the opposition brief quotes from Exhibit A to Neumann Declaration, which was included in an exhibit to relator's second amended complaint (Dkt. No. 177-2). The Court previously granted the parties' motion to seal the second amended complaint in full. Dkt. No. 65. *See* Civil L.R. 79-5(b) ("A party need not file a motion to seal if a federal statute or prior court order in the same case expressly authorizes the party to file certain documents (or portions of documents) under seal."). |
| Relator's Opposition at 3:2-11 | Neumann Declaration ¶ 3 | **GRANTED.** This portion of the opposition quotes from Exhibit B, sealed below. |
| Relator's Opposition at 3:13-16 | Neumann Declaration ¶ 3 | **GRANTED.** This portion of the opposition quotes from Exhibit C, sealed below. |
| Relator's Opposition at 5:25-26 | Neumann Declaration ¶ 3 | **GRANTED.** This portion of the opposition brief reveals the specific number of critical claims defendants submitted during a certain period, as well as the critical care queries issued during that period. |
| Relator's Opposition at 6:5-8 | Neumann Declaration ¶ 3 | **GRANTED.** This portion of the opposition quotes from Exhibit B, sealed below. |
| Relator's Opposition at 9:11-13 | Neumann Declaration ¶ 3 | **GRANTED.** This portion of the opposition contains information from Exhibit B, sealed below. |

| Relator's Opposition at 11:7-12 | Neumann Declaration ¶ 3 | The Court finds good cause exists to seal this portion of defendants' motion for bifurcation and protective order because it references Exhibit D to the Schoenberg Declaration, which was also an exhibit to relator's second amended complaint. The Court previously granted the parties' motion to seal the Second Amended Complaint in full. Dkt. No. 65 at 2. *See* Civil L.R. 79-5(b) ("A party need not file a motion to seal if a federal statute or a prior court order in the same case expressly authorizes the party to file certain documents (or portions of documents) under seal."). |
| Relator's Opposition at 11:25-26 | Neumann Declaration ¶ 3 | **GRANTED.** This portion of the opposition quotes from Exhibit B, sealed below. |
| Relator's Opposition at 14:8-9 | Neumann Declaration ¶ 3 | **GRANTED.** This portion of the opposition contains information from Exhibit F, sealed below. |
| Relator's Opposition at 15:18-16:1 | Neumann Declaration ¶ 3 | **GRANTED.** This portion of the opposition contains information from Exhibit F, sealed below. |
| Declaration of Jonathan Neumann in Support of Relator's Opposition at 1:20-21 | Neumann Declaration ¶ 3 | **GRANTED.** This portion of the Neumann declaration reveals the specific number of critical claims defendants submitted during a certain period, as well as the critical care queries issued during that period. |

4

| | | |
|---|---|---|
| Exhibit B to the Declaration of Jonathan Neumann in Support of Relator's Opposition | Neumann Declaration ¶ 3 | **GRANTED.** This internal document produced by defendants in discovery contains detailed observations, analyses, and strategic recommendations regarding the business practice of defendants and their affiliates. The Court finds good cause exists to seal this document because it reveals aspects of defendants' business and proprietary systems that are not publicly known. Public disclosure could be used by defendants' competitors to unfairly compete with defendants. |
| Exhibit C to the Declaration of Jonathan Neumann in Support of Relator's Opposition | Neumann Declaration ¶ 3 | **GRANTED.** This internal document produced by defendants in discovery contains strategic "talking points" on how to communicate with clinicians regarding proper documentation of critical care. The Court finds good cause exists to seal this document because it reveals aspects of defendants' business and proprietary systems that are not publicly known. Public disclosure could be used by defendants' competitors to unfairly compete with defendants. |

5

| Exhibit F to the Declaration of Jonathan Neumann in Support of Relator's Opposition | Neumann Declaration ¶ 3 | **GRANTED.** This document produced by defendants in discovery is a report of a self-initiated audit by defendants' affiliates regarding critical care claims submitted to Medicare for a certain time period. The Court finds good cause exists to seal this document because it reveals claim and financial information that is not publicly known. Public disclosure could be used by defendants competitors to unfairly compete with defendants. |

**IT IS SO ORDERED**.

Dated: March 17, 2026

SUSAN ILLSTON
United States District Judge

United States District Court
Northern District of California

6