UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENLEY EMERGENCY MEDICINE, et al., | Case No. 20-cv-03274-SI |
| Plaintiffs, | |
| v. | **ORDER RE: RELATOR'S LETTER MOTION TO QUASH DEFENDANTS' SUBPOENA TO GOOGLE** |
| THE SCHUMACHER GROUP OF LOUISIANA INC., et al., | Re: Dkt. No. 204 |
| Defendants. | |

Now pending before the Court is relator's letter motion requesting that the Court quash defendants' document subpoena to Google and issue a protective order forbidding the discovery sought as irrelevant. Dkt. No. 204. Defendants oppose relator's motion. Dkt. No. 207. On February 16, 2026, defendants served a subpoena on Google, requesting production of "[h]eader information (including dates, to, from, copy, and BCC fields and associated IP addresses) for all email correspondence associated with ekenley@gmail.com between the dates of 7/1/2019 and 8/4/2022." Dkt. No. 204-1, Ex. 1.[1]

Relator asserts standing to challenge defendants' subpoena to Google because Dr. Kenley has "cognizable personal and privacy rights in his email communications and metadata." Dkt. No. 204 at 2 & n.2. Relator argues that the subpoena to Google is improper because (1) it seeks to

---

[1] Defendants served this subpoena on Google shortly after filing their motion seeking to disqualify certain of relator's counsel and to obtain expedited discovery into Dr. Kenley's communications with counsel on February 11, 2026. Dkt. No. 189. On February 20, 2026, relator opposed defendants' motion (Dkt. Nos. 193, 195, 196) and objected to defendants' request for expedited discovery. (Dkt. No. 195 at 12). The Court resolves those related issues in a separate order granting in part and denying in part defendants' motion to disqualify, and denying defendants' request for expedited discovery. The Court agrees with relator that defendants' subpoena to Google "seeks an end-run around Defendants' currently pending request for communications with counsel." See Dkt. No. 204 at 2.

United States District Court
Northern District of California

circumvent ordinary discovery channels and parties' discovery of electronically stored information ("ESI") protocol; (2) it is overbroad; and (3) it implicates relator's privacy concerns. Dkt. No. 204 at 2.

Defendants do not challenge relator's standing. Rather, defendants respond that the ESI protocol does not preclude subpoenas, that "email headers" do not implicate relator's privacy concerns, and that relevancy is broad for discovery purposes. Dkt. No. 207 at 2.

Pursuant to Federal Rule of Civil Procedure 45, a party may serve a subpoena upon a non-party, commanding the non-party to "produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control." Fed. R. Civ. P. 45(a)(1)(A)(iii). Federal Rule of Civil Procedure 45 also provides that a court must quash a subpoena that, among other things, "requires disclosure of privileged or other protected matter, if no exception or waiver applies," or "subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A)(iii), (iv). "Generally speaking, a party to an action does not have standing to move to quash a subpoena served upon a nonparty unless the party claims a personal right or privilege with respect to the documents requested in the subpoena." *Glass Egg Digital Media v. Gameloft, Inc.*, 2019 WL 2499710, at *5 (N.D. Cal. June 17, 2019). The party moving to quash a subpoena bears the burden of persuasion. *In re Apple Inc.,* 2012 WL 1570043, at *1 (N.D. Cal. May 2, 2012); *Moon v. SCP Pool Corp.,* 232 F.R.D. 633, 637 (C.D. Cal. 2005).

As an initial matter, the Court is compelled to note that parties have again failed to meet and confer prior to filing this discovery dispute, as required by Judge Illston's Standing Order ¶ 3. *See* Dkt. No. 204 at 1 & n.1. Relator states that it made five requests to meet and confer with defendants, but defendants declined to provide their availability. *Id.* Defendants do not address the failure to meet and confer in their opposition. The Court admonishes parties that they must make "a good faith effort" to resolve their disputes without the Court's intervention. To date, these proceedings have been unnecessarily contentious and marked by a persistent lack of cooperation.

Turning to the merits, the Court agrees with relator that the subpoena to Google is overbroad and implicates Dr. Kenley's privacy interests. The subpoena seeks *all* "header information" for *every* email Dr. Kenley sent or received from his personal gmail account over a three-year period.

2

Defendants argue that header information shows only the "non-privileged timing, frequency, and participants in Kenley's emails about key events, bearing on the scope of witnesses, roles, motives, the extent of lawyer-driven activities, and even potential deviations from the sealing order." Dkt. No. 207 at 2. However, the Court finds that this request far exceeds the scope of the claims and defenses asserted in this case. The Court agrees with relator that the subpoena sweeps in records of Dr. Kenley's wholly personal communications that are irrelevant to this case. Because a subpoena is subject to the relevance requirements set forth in Rule 26(b), "if the sought documents are not relevant nor calculated to lead to the discovery of admissible evidence, than any burden whatsoever imposed . . . would be by definition undue." *See Dropbox, Inc. v. Motion Offense, LLC,* 2022 5400705, at *2 (N.D. Cal. Apr. 20, 2022). Defendants have failed to demonstrate a legitimate need for the header information of *all* of Dr. Kenley's emails that outweighs his privacy interests. Moreover, the Court has denied defendants' request for expedited discovery into Dr. Kenley's communications with counsel.

Therefore, the Court **GRANTS** relator's motion. Defendants' subpoena to Google is **QUASHED**.

**IT IS SO ORDERED**.

Dated: March 17, 2026

SUSAN ILLSTON
United States District Judge

United States District Court
Northern District of California