UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KENLEY EMERGENCY MEDICINE, et al.,

Plaintiffs,

v.

THE SCHUMACHER GROUP OF LOUISIANA INC., et al.,

Defendants.

Case No.  20-cv-03274-SI

**ORDER RE: JOINT DISCOVERY DISPUTE STATEMENTS**

Re: Dkt. Nos. 224, 225, 226

Before the Court are three joint discovery dispute statements, filed on April 27, 2026 and May 4, 2026.  Dkt. Nos. 224, 225, 226.  The Court rules as follows:

**Advice of Counsel Defense:**  Relator's Interrogatory No. 10 requests that defendants state the basis of their "good faith" and "due care" affirmative defenses, and whether they "will rely on any legal or professional advice, opinions, or Communications from counsel in defending this Action."  Dkt. No. 177-6 at 10.  To the extent defendants' response is anything other than "an unequivocal or unqualified statement" that defendants will not rely on an advice of counsel defense, Relator's Interrogatory No. 10 also seeks specific information about the communications on which defendants will rely.  *Id.*  Defendants' response to Interrogatory No. 10 states that:

> " . . . at the time of this answer they do not have an intention to invoke a reliance-on-counsel defense in a particular form or manner that would result in any waiver of any otherwise applicable privilege.  By way of further response, defendants state that they rely from time to time on compliance professionals and outside consultants when designing and implementing practices or curative measures with respect to coding and billing matters, which can include the presence of counsel in the process."

*Id.* at 11.  Relator argues that defendants' response to Interrogatory No. 10 fails to comply with Federal Rule of Civil Procedure 33 because it "is deliberately hedged by limiting it to 'the time of this answer'" and fails to provide any of the specific information requested by Interrogatory No. 10.  Dkt. No. 224 at 2.  The Court agrees with Relator that defendants' response is inadequate.

United States District Court
Northern District of California

The Court **ORDERS** defendants to supplement their response to Interrogatory No. 10 to provide "an unequivocal or unqualified statement" as to whether defendants will rely on an advice of counsel defense.  If defendants intend to rely on advice of counsel, they shall supplement their interrogatory response with the specific information requested by Relator.

**Attorneys' Eyes Only Designations:**  Parties dispute defendants' attorneys' eyes only ("AEO") designation of two categories of documents: (1) coder desk reference guides ("CDRs") used by defendants to code medical records and determine whether to query physicians, and (2) documents that contain revenue information by year and facility.  Dkt. No. 225 at 1, 4.  Relator argues that parties' stipulated protective order (Dkt. No. 96) does not contain an AEO provision, that good cause does not exist to modify the protective order, and that defendants' AEO designation has prevented Relator from "sharing critical information" with Relator's expert and with Dr. Kenley. Dkt. No. 225 at 2.  Defendants argue that AEO designations are appropriate to "address interests of third parties" and "ensure that [Relator's] expert witness(es) do not compete with the third parties that have proprietary interests in the material." *Id.* at 4.

At this stage in the litigation, the Court **DENIES** without prejudice Relator's request to lift AEO designations as to the CDRs.  Relator may re-raise concerns regarding defendants' AEO designation of the CDRs upon disclosure of experts, at which time the Court can assess any risk of competitive harm.[1]   The Court **GRANTS** Relator's request as to the revenue information documents, finding no good cause exists to maintain defendants' AEO designation under Federal Rule of Civil Procedure 26(c).

**Deficiency Data:**  Relator requests that the Court compel defendants to produce "deficiency data" responsive to Relator's request for production ("RFP") No. 10.[2]  Dkt. No. 226.  The

---

[1] On April 8, 2026, the Court adopted in part parties' proposed trial schedule (Dkt. No. 220) and set the deadline for designation of opening experts as June 22, 2026.  Dkt. No. 221.

[2] Relator's RFP No. 10 requests: "Documents and communications concerning clinical documentation deficiencies, queries or guidance related to Critical Care and/or [Evaluation and Management] ("E&M") services, including, but not limited to, Documents and communications

United States District Court
Northern District of California

"deficiency data" at issue includes three categories of information: (1) clinical documentation assurance outreach logs maintained in a Salesforce database ("Salesforce data"), (2) mySCP Complete and mySCP Connect communications, and (3) Tier 6 reports that recorded specific deficiency queries and how the provider responded. *Id.* at 1-2, 5-6.

Relator argues that defendants unilaterally applied the search term "critical care" to search the SCP and Salesforce databases, yielding an "incomplete and unusable" production as to the first two categories of deficiency data. *Id.* at 2. Relator does not propose alternative search terms. As to the third category of deficiency data, Relator argues that defendants unilaterally limited Tier 6 data by time period (2019-2022), by content (only critical care services), and to only the Chinese Hospital. *Id*. Defendants argue that Relator ignores the Court's recent bifurcation ruling, which limited this phase of discovery to services at the Chinese Hospital, where services began in 2019. *Id.* at 4; *see* Dkt. No. 215.

The Court agrees with defendants that, consistent with this Court's bifurcation order, discovery is limited to services at the Chinese Hospital at this stage and **DENIES** Relator's request to expand defendants' production to other facilities. However, the Court agrees with Relator that applying the search term "critical care" was inadequate. Defendants' production should not be limited only to critical care services, but should also include, at a minimum, queries related to lower-level Evaluation and Management ("E&M") services. Defendants **SHALL** apply broader search terms, and the parties are directed to meet and confer regarding proposed search terms.

**IT IS SO ORDERED**.

Dated: May 8, 2026

_____
SUSAN ILLSTON
United States District Judge

concerning any queries, guidance, chart deficiency notices or chart deficiency quality audits sent through the electronic provider feedback ("EPF") system." Dkt. No. 143-1 at 8.